954 F.2d 734
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gerda M. HORTON, Petitioner
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3485.
 United States Court of Appeals, Federal Circuit.
 Jan. 22, 1992.
 
 Before PLAGER, LOURIE and CLEVENGER, Circuit Judges.
 
 DECISION
 PER CURIAM
 
 1
 Gerda M. Horton appeals from the May 13, 1991 Initial Decision of the Administrative Judge (AJ) in Docket No. SE08319110263, which became the final decision of the Merit Systems Protection Board (MSPB or Board) on June 17, 1991. We affirm.
 
 DISCUSSION
 
 2
 In order to qualify for a survivor annuity under the Spouse Equity Act of 1984, Pub.L. No. 98-615, § 4(b)(1)(B), codified as 5 U.S.C.A. § 8341 (1988 & Supp.1991), Horton must demonstrate that she was married to the deceased for at least ten years during periods of creditable service, that she had not remarried before the age of fifty-five, that she filed an application with the Office of Personnel Management (OPM) on or before May 7, 1989, that she be at least fifty of age on May 7, 1987, and that there is no surviving spouse or other former spouse who is entitled to the annuity. Horton's first correspondence with OPM was dated November 29, 1990. Petitioner Attachment 5. OPM denied her application as untimely on January 21, 1991 and February 27, 1991. Horton appealed to the MSPB, but the denial of benefits was upheld. She now appeals the decision of the MSPB to this court, requesting that the May 7, 1989 deadline be waived in her case.
 
 
 3
 The Spouse Equity Act requires an application to be filed with OPM on or before May 7, 1989. Horton did not comply with this requirement. The fact that she did not know of that requirement prior to that date does not alter the applicability of OPM v. Richmond, 110 S.Ct. 2465, reh'g denied, 111 S.Ct. 5 (1990) and does not give this Court the authority to circumvent the explicit instructions of Congress.
 
 
 4
 We may not overturn the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c). Since the MSPB correctly upheld OPM's denial of Horton's untimely application, we must affirm.
 
 
 5
 No costs.